NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3117

JOYCE E. KWARTLER,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

Joyce E. Kwartler, of Chester, New York, pro se.

Arlene Pianko Groner, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were Michael F. Hertz, Deputy Assistant Attorney General, Jeanne E. Davidson, Director, and Donald E. Kinner, Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3117

JOYCE E. KWARTLER,

Petitioner,

v.

DEPARTMENT OF VETERAN AFFAIRS,

Respondent.

Petition for review of the Merit Systems Protection Board in NY0752070048-P-3.

_____

DECIDED: August 5, 2009

_____

Before LOURIE, and RADER, <u>Circuit Judges</u>, and CLARK, <u>District Judge</u>.[*]

PER CURIAM.

## DECISION

Joyce Kwartler appeals from the decision of the United States Merit Systems Protection Board ("Board") denying her petition for review. <u>Kwartler v. Dep't of Veterans Affairs</u>, NY-0752-07-0048-P-3 (M.S.P.B. Dec. 17, 2008). The Board dismissed

---

[*]    Honorable Ron Clark, District Judge, United States District Court for the Eastern District of Texas, sitting by designation.

Kwartler's claim for consequential damages relating to her removal because there was no finding of unlawful retaliation and because she had waived the right to bring such claims in the settlement agreement she entered into with the Veterans Administration ("VA"). Kwartler v. Dep't of Veterans Affairs, NY-0752-07-0048-P-3 (M.S.P.B. Oct. 28, 2008). Because the Board's decision was in accordance with law and supported by substantial evidence, we affirm.

BACKGROUND

Kwartler was employed by the VA as a Veterans Claims Examiner, a position from which she was removed on September 29, 2006. Kwartler challenged the agency's removal action by filing an appeal to the Board, and the parties subsequently entered into a settlement agreement. The settlement agreement provided that Kwartler would waive all claims against the VA "with the exception of any claims that may arise by reason of breach of any term of [the] Settlement Agreement." The settlement agreement further stated that Kwartler would be responsible for her attorney fees. In exchange for Kwartler's agreement to waive her claims against the VA, the VA agreed to retroactively promote her to the GS-12, Step 4 pay scale, effective September 21, 2003, and the GS-12, Step 5 pay scale, effective September 18, 2005. The VA would then issue her a lump sum payment after making payroll withholdings and change its official records to indicate that she voluntarily retired from the agency. Kwartler, along with her counsel during her settlement negotiations, Joseph Carbonaro, signed the settlement agreement on March 27, 2007.

Shortly after the settlement agreement was signed, the Board's administrative judge assigned to Kwartler's case dismissed her appeal as settled. Kwartler v. Dep't of

<u>Veterans Affairs</u>, NY-0752-07-0048-I-1 (M.S.P.B. Apr. 3, 2007). Kwartler did not appeal that decision to the full Board and it thus became final on May 8, 2007.

Kwartler then filed numerous documents with the MSPB in which she alleged, among other things, that the VA had failed to issue her the payments contemplated in the settlement agreement and that the VA had discriminated against her when it removed her from her position. Kwartler was not represented by counsel at this point and the administrative judge treated her submissions as petitions for enforcement of the settlement agreement. After various submissions from the VA and Kwartler, the VA changed the title of Kwartler's position that appeared on her SF 50-B form to reflect the job title agreed upon in the settlement agreement and issued checks to Kwartler in the amount of $7,701.59. Subsequently, the administrative judge dismissed Kwartler's remaining complaints as "not credible." <u>Kwartler v. Dep't of Veterans Affairs</u>, NY-0752-07-0048-C-1, slip op. at 5 (M.S.P.B. Aug. 9, 2007). Because Kwartler did not appeal that decision to the full Board, it became final on September 13, 2007.

Kwartler also submitted, but then attempted to cancel, a request for attorney fees. The administrative judge denied her motion because she had waived the right to pursue such fees from the VA in the settlement agreement. <u>Kwartler v. Dep't of Veterans Affairs</u>, NY-0752-07-0048-A-1 (M.S.P.B. July 13, 2007). That decision was not appealed and became final on August 17, 2007.

On September 17, 2007, Kwartler filed a request for compensatory damages based upon defamation of character, forced retirement, and a hostile work environment. The administrative judge again dismissed her complaint because she had waived the right to pursue such claims in the settlement agreement. <u>Kwartler v. Dep't of Veterans</u>

2009-3117

<u>Affairs</u>, NY-0752-07-0048-P-1 (M.S.P.B. Nov. 8, 2007). The administrative judge's decision became final on December 13, 2007.

On November 13, 2007, Kwartler petitioned the Board to reopen her appeal. The Board denied her request, but, on its own motion, chose to reopen other final decisions in Kwartler's case. The Board then affirmed the administrative judge's dismissals of Kwartler's appeals regarding attorney fees, enforcement of the settlement agreement, and compensatory damages. <u>Kwartler v. Dep't of Veterans Affairs</u>, 2008 MSPB 58 (Mar. 13, 2008). The day after the Board's decision, Kwartler filed another motion for compensatory damages with the MSPB, which was dismissed by the administrative judge on collateral estoppel grounds. <u>Kwartler v. Dep't of Veterans Affairs</u>, NY-0752-07-0048-P-2 (M.S.P.B. May 28, 2008). That decision became final on July 2, 2008.

In late August, 2008, Kwartler filed motions seeking consequential damages. The administrative judge dismissed that motion because no finding of retaliation had been made in Kwartler's case and because the settlement agreement waived all such claims. <u>Kwartler</u>, NY-0752-07-0048-P-3, slip op. at 5. Kwartler appealed that decision to the Board. The Board denied Kwartler's petition for review and the administrative judge's decision became final. <u>Kwartler v. Dep't of Veterans Affairs</u>, NY-0752-07-0048-P-3 (M.S.P.B. Dec. 17, 2008).

Kwartler timely appealed the Board's denial. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

2009-3117

-4-

The scope of our review in an appeal from a Board decision is limited. We can only set aside the Board's decision if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); see Briggs v. Merit Sys. Prot. Bd., 331 F.3d 1307, 1311 (Fed. Cir. 2003). We construe the terms of a settlement agreement de novo. Conant v. Office of Pers. Mgmt., 255 F.3d 1371, 1376 (Fed. Cir. 2001).

On appeal, Kwartler resumes her claims that the Board failed to take into account allegations of the VA's denial of accommodations for her disabilities, specifically her chronic obstructive asthma and post-traumatic stress disorder. She further alleges that the Board failed to award her damages for defamation of character, discrimination, and reprisal and termination.

We agree with the Board that Kwartler is not entitled to an award of consequential damages. Kwartler waived any claim to such an award when she signed the settlement agreement. In that agreement Kwartler "waive[d] any and all actions, claims, complaints, EEO Complaints, grievances, appeals and proceedings of whatever nature against VA, its past and present officers and employees, in their personal as well as their official capacities, including attorney fees, which are now or hereafter may be asserted by her or on her behalf on any action taken as of the date of Appellant's execution of this Agreement, with the exception of any claims that may arise by reason of breach of any term of this Settlement Agreement." None of the allegations made by Kwartler on appeal are alleged to have arisen from a breach of the agreement; Kwartler

has therefore waived any such claims.  Having voluntarily accepted the settlement agreement and its benefits, Kwartler cannot now bring a claim that she explicitly waived.

Accordingly, we <u>affirm</u> the Board's decision.